IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| HWS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23cv1289 (AJT/JFA) |
| | ) | |
| BWE Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEC - 8 2023

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's amended motion for default judgment against defendant BWE, Inc. d/b/a BWE Logistics ("BWE" or "defendant"). (Docket no. 18). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On April 1, 2023, plaintiff filed a complaint in the Circuit Court of Fairfax County seeking reimbursement for the removal and disposal of defendants' property from a Virginia Highway. (Docket no. 1-1). On July 14, 2023, plaintiff filed its amended complaint (Docket no. 1-2) ("Am. Compl.") properly naming RLS Distribution, Inc. ("RLS") as a defendant after receiving notice from counsel for formerly named defendant RLS Logistics Holdings, Inc. that it was an incorrect party. (*See* Am. Compl.; Docket no. 18-1 ¶ 4). On June 10, 2023, service was effected on BWE. (Docket no. 18-1 ¶ 10). BWE's responsive pleading was due on July 3, 2023,

1

twenty-one (21) days after the service of process.[1] BWE has not filed a responsive pleading and the time for doing so has expired. On September 6, 2023, RLS accepted service of process. (Docket no. 1 ¶ 5). On September 25, 2023, RLS removed the case to this court, with consent from BWE, and was afterwards dismissed from the case due to the court's lack of personal jurisdiction, or in the alternative plaintiff's failure to state a claim as to RLS.[2] (*See* Docket no. 1 ¶¶ 5, 11).

On October 17, 2023, plaintiff requested an entry of default as to BWE and filed a motion for default as to BWE for sum certain, two affidavits in support, and a certificate of service. (Docket nos. 10, 11, 12, 13, 14). On that same day, the Clerk entered default as to BWE and informed counsel for BWE that it needed to notice a hearing date. (Docket no. 17). After being notified by the Clerk, plaintiff filed an amended motion for default judgment as to BWE and noticed a hearing for December 1, 2023. (Docket nos. 18, 19). On November 27, 2023, the hearing on the motion for default judgment was moved to December 8, 2023, to be heard with plaintiff's motion for leave to file a second amended complaint. (Docket no. 27). On December 8, 2023, a hearing was held and counsel for plaintiff was present, but no one appeared on behalf of BWE.

---

[1] When the last day for preforming an act during the course of a judicial proceeding falls on a Saturday, VA. CODE ANN. § 1-210 provides that "the act may be performed on the next day that is not a Saturday, Sunday, legal holiday . . . ." Twenty-one days from June 10, 2023, was July 1, 2023, a Saturday, making the defendant's response due on or before July 3, 2023.

[2] On October 2, 2023, RLS filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, for failure to state a claim, a memorandum in support, and noticed a hearing for November 8, 2023. (Docket nos. 5, 6, 7). Plaintiff filed a response in opposition to RLS' motion to dismiss on October 16, 2023. (Docket no. 9). On October 23, 2023, RLS filed a reply to plaintiff's response in opposition. (Docket no. 20). On November 8, 2023, the hearing was held before District Judge Trenga, and on November 13, 2023, the court ordered that the motion was granted, and the complaint was dismissed as to RLS. (Docket nos. 21, 22).

## Factual Background

The following facts are established by plaintiff's amended complaint.[3] Plaintiff HWS, LLC d/b/a Henry's Wrecker Service of Fairfax County ("HWS" or "plaintiff") is a Virginia limited liability corporation existing under the laws of the Commonwealth of Virginia, with a principal place of business in Falls Church, Fairfax County, Virginia. (Am. Compl. ¶ 1). HWS provides towing and recovery services on public highways, including roadside assistance, roadside removal and remediation, related disposal, and storage services. (Am. Compl. ¶ 2). HWS is also contracted to the Virginia Department of Transportation and state and local police authorities. *Id.* BWE is a for-profit corporation organized and existing under the laws of the State of Georgia, with a principal place of business in Georgia. (Am. Compl. ¶ 3). BWE is an interstate motor carrier of property, which holds authority from the Federal Motor Carrier Safety Administration, to transport property for hire and to operate over interstate routes. (Am. Compl. ¶ 4). BWE is believed to be the registered owner and/or the legally authorized operator of the commercial truck tractor, and of the commercial highway trailer that the truck was towing that is the subject of this action. (Am. Compl. ¶ 5).

On or about January 8, 2023, BWE was operating its tractor and trailer on southbound Interstate Route 495 ("I-495") near state route 193 in Fairfax County, Virginia. (Am. Compl. ¶ 10). On that day, a refrigerated trailer operated by BWE caught fire while transporting individual shipments of property. (Am. Compl. ¶ 11). In response, Virginia State Police arrived and requested assistance from HWS, directing it to remove the trailer and its contents from the incident scene. (Am. Compl. ¶ 12). HWS responded with equipment, manpower, and

---

[3] Because RLS has been dismissed, the factual background will include facts relating to plaintiff's claims against RLS only as necessary to determine the liability of BWE.

3

supplies—it prepared the burned tractor and trailer for loading onto a transport trailer; removed it from the incident scene; removed and disposed of the trailer's fuel tank and diesel fuel; removed the cargo and contents from the trailer and subsequently disposed of it; and assisted in the restoration of the highway to a safe and operable condition. (Am. Compl. ¶ 13). The burned tractor and trailer were removed and transported to HWS' storage lot where it remained for months. (Am. Compl. ¶ 14).

HWS continuously stored BWE's tractor and trailer although it made several requests seeking authorization to dispose of or transfer the trailer, which were ignored or denied. (Am. Compl. ¶ 15). Despite HWS' efforts and BWE's initial refusal to respond to multiple requests for authorization and payment, it eventually gave HWS authorization to release the tractor and trailer from its storage. (*See* Am. Compl. ¶ 21; Docket no. 18-2 ¶¶ 9–11). On June 27, 2023, HWS received the executed authorization and release from BWE. (*See* Docket no. 18-2 at 5). On October 3, 2023, HWS recalculated its invoice to reflect and include, pursuant to BWE's authorization, the costs associated with the disposal of its tractor and trailer. *Id.* at ¶ 14. Despite repeated efforts by HWS to resolve the dispute without judicial intervention, HWS has not received any of the reimbursement. (Am. Compl. ¶ 21).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on the failure of BWE to file responsive pleadings in a timely manner, the Clerk has entered a default. (Docket no. 17).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a

responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantage.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### **Jurisdiction and Venue**

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because HWS is a citizen of a different state than BWE, and the amount in controversy exceeds $75,000. BWE is a citizen of Georgia as it is incorporated under the laws of Georgia with its principal place of business in Georgia. (Am. Compl. ¶ 3). HWS is not a citizen of Georgia as none of its members are citizens of Georgia. (Docket no. 1 at ¶¶ 10(a)–2); *see also Gen. Tech. Applications, Inc. v. Exro, Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004) (noting that the citizenship of an LLC is that of its members for purposes of establishing diversity). HWS seeks a judgment against BWE in excess of the $75,000 amount in controversy requirement. (Am. Compl. at 5).

This court has personal jurisdiction over BWE. Virginia law allows for the exercise of personal jurisdiction over a party wherein the cause of action arises from the party's transaction of business in the Commonwealth. VA. CODE ANN. § 8.01-328.1(A)(1). An exercise of personal jurisdiction pursuant to state law must also comply with due process. *See English & Smith v. Metzger*, 901 F.2d 36, 39–40 (4th Cir. 1990). The amended complaint alleges that BWE is an interstate motor carrier of property, which transports property for hire and operates over

5

interstate routes. (Am. Compl. ¶ 4). The amended complaint further alleges that on the day the cause of action arose, BWE was operating its tractor and trailer on southbound I-495 near state route 193 in Fairfax County, Virginia. (Am. Compl. ¶10). Additionally, the cause of action, namely the removal and disposal of BWE's tractor and trailer, arose out of these contacts with the state. These facts are adequate to support personal jurisdiction under VA. CODE ANN. § 8.01-328.1 and constitute sufficient minimum contacts as to comply with defendant's rights to due process. S*ee English & Smith*, 901 F.2d at 39–40. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and 28 U.S.C. § 1441 as the case was removed to the district court of the United States for the district and division embracing the place where the action was pending.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over BWE, and that venue is proper in this court.

### Service

Pursuant to Fed. R. Civ. P. 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States (A) in the manner prescribed in Rule 4(e)(1) for serving an individual or (B) by delivering a copy of the summons and complaint to an officer, managing, or general agent, or any other agent authorized by law to receive service of process. Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons. VA. CODE ANN. § 8.01-320 governs personal service outside of Virginia and provides that personal service may be made by any person authorized to serve process in the jurisdiction where the party to be served is located. Additionally, it states "[w]hen the court can exercise jurisdiction over the nonresident

6

pursuant to § 8.01-328.1, such service shall have the same effect as personal service on the nonresident within Virginia." VA. CODE ANN. § 8.01-320. Further, VA. CODE ANN. § 8.01-301 governs service of process on foreign corporations and allows for service in accordance with § 8.01-320.

On June 10, 2023, the summons and complaint was personally served on BWE's registered agent. (Docket no. 18-1 ¶ 8; *see* Docket no. 18-1 at 5). Proof of Service indicates that a process server served BWE's registered agent, Markesha Crossman, at 183 Radcliff Drive, McDonough, GA 30253. (Docket no. 18-1 at 5). Based on the foregoing, the undersigned recommends a finding that BWE was properly served with the summons and complaint and has notice of this action.

### Grounds for Entry of Default

On October 17, 2023, plaintiff requested entry of default as to BWE, filed its first motion for default judgment, two affidavits in support, and a certificate of service. (Docket nos. 10, 11, 12, 13, 14). That same day, the Clerk entered default as to BWE and directed plaintiff to notice a hearing. (Docket no. 17). On October 20, 2023, plaintiff filed its amended motion for default judgment as to BWE and noticed a hearing. (Docket nos. 18, 19).

Accordingly, the undersigned recommends a finding that the Clerk has properly entered a default as to BWE.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

7

I.  **Reimbursement under VA. CODE ANN. § 46.2-1212.1**

VA. CODE ANN. § 46.2-1212.1(A)(1) allows the State Police or local law enforcement agency to remove "[a] vehicle, cargo, or other personal property that has been (i) damaged or spilled within the right-of-way or any portion of a roadway in the primary state highway system and (ii) is blocking the roadway or may otherwise be endangering public safety." *T. Musgrove Construction Company, Inc. v. Young*, 840 S.E.2d 337, 480 n.4 (Va. 2020). Further, subsection C provides that the carrier of any vehicle, cargo, or personal property removed or disposed of under the authority of this section shall reimburse the individuals or entities acting pursuant to a contract with the Department of Transportation, Department of State Police, and local law-enforcement agencies for all costs incurred in the removal and subsequent disposition of such property. VA. CODE ANN. § 46.2-1212.1(C). Under this title, "primary state highway system" is undefined,[4] but "highway" is defined as

---

[4] Here, it is not evident that the statute actually provides relief for the removal and disposition of property on an interstate highway. "When attempting to define terms in one part of the Code, courts should read a statute with "a view toward harmonizing it with other statutes. Because the Code of Virginia is one body of law, other Code sections using the same phraseology may be consulted in determining the meaning of a statute." *Marsh v. Commonwealth*, 530 S.E.2d 425, 429 (Va. Ct. App. 2000).

Under VA. CODE ANN. § 33.2-100—the definitions subsection for the title that governs highways and other surface transportation systems—"Primary state highway system" is defined as "all highways and bridges under the jurisdiction and control of the Commonwealth Transportation Board and the Commissioner of Highways and not in the secondary state highway system." That same section defines "Interstate System" as that term is defined in 23 U.S.C. § 103(c), "the Dwight D. Eisenhower National System of Interstate and Defense Highways described in section 103(c)."

Further, VA. CODE ANN. § 33.2-300, which discusses the power and authority of the Commonwealth Transportation Board relating to the Interstate System, provides that, **"[T]he Board has any and all other authority and power relative to the Interstate System as is vested in it relative to highways in the primary state highway system** . . . and in addition thereto has such other power, control, and jurisdiction necessary to comply with the provisions of the Federal-Aid Highway Act of 1956 and all acts amendatory or supplementary thereto, all other provisions of law to the contrary notwithstanding."

8

> [T]he entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys, and, for law-enforcement purposes, . . . (ii) the entire width between the boundary lines of every way or place used for purposes of vehicular travel on any property owned, leased, or controlled by the United States government and located within the Commonwealth.

VA. CODE ANN. § 46.2-100 *et seq.*

First, the amended complaint establishes that on or about January 8, 2023, BWE was operating its tractor and trailer on southbound I- 495 near state route 193 Fairfax County, Virginia. (Am. Compl. ¶ 10). While operating on southbound I-495 near state route 193, the refrigerated trailer operated by BWE caught fire while transporting individual shipments. (Am. Compl. ¶ 11). Virginia State Police responded to the incident, requested assistance from HWS, and directed it to remove the tractor-trailer and its contents from the scene. (Am. Compl. ¶ 12). HWS did so and removed and transported the tractor and trailer to its storage lot, where they remain. (Am. Compl. ¶ 14). The amended complaint also establishes that HWS provides towing and recovery services on public highways, including roadside assistance, roadside removal and remediation, related disposal, and storage services. (Am. Compl. ¶ 2). It further establishes that HWS is a partner of and/or contracted to the Virginia Department of Transportation as well as state and local police and law enforcement authorities. *Id.* Additionally, BWE is believed and stated to be the registered owner or legally authorized operator of the commercial truck tractor and of the commercial highway trailer that the truck tractor was towing. (Am. Compl. ¶ 5).

Plaintiff has properly alleged its claim. First, the accident happened on southbound I-495, seemingly within the definition of "primary state highway system" as used in this title.

---

Here, while the term "primary state highway system" and "interstate system" are defined differently, the fact that the interstate system is also subject to the control and jurisdiction of the Commonwealth Transportation Board seems to inform a finding that plaintiff is entitled to pursue its claim under this section.

9

(Am. Compl. ¶ 10). The tractor, trailer and property that was removed and disposed of was removed from blocking the "roadway"[5] of the highway. (Docket no. 18-2 ¶ 7). Further, the removal and disposal of the vehicle, cargo, and personal property were at the direction of the Virginia State Police, whom plaintiff contracts with. (Am. Compl. ¶ 2). Finally, BWE is believed and stated to be the registered owner and/or the legally authorized operator of the commercial truck tractor and of the commercial highway trailer that the truck was towing. (Am. Compl. ¶ 5). Plaintiff further contends that even after sending demands for payment on the invoice, BWE has still not responded. (Docket no. 18-2 ¶ 15). For these reasons, the undersigned recommends a finding that BWE must reimburse HWS for the costs incurred with the removal and disposition of the vehicle, cargo, and personal property.

### Relief

Plaintiff seeks (1) damages in the amount of $104,911.64[6]; (2) interest on damages and storage fees; and (3) reasonable attorney fees and costs. (*See* Am. Compl. ¶¶ (a), (b), (c); Docket no. 18 at 1).

I. **Reimbursement under VA. CODE ANN. § 46.2-1212.1**

Plaintiff requests $104,911.64 in damages for the removal, storage, and subsequent disposition of the vehicle, cargo, and personal property involved in the January 8, 2023, incident. (Docket no. 18-2 ¶ 14). As described above, on or about January 8, 2023, HWS responded on

---

[5] "Roadway" means that portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the shoulder." VA. CODE ANN. § 46.2-100 *et seq.*

[6] In the amended complaint HWS requests $77,555.64 as of April 21, 2023. (Am. Compl. at 5 ¶ (a)). However, the affidavit of Timothy Steigleman, general manager of HWS, attached to the motion for default accounts for the charges that accrued until October 3, 2023—when HWS disposed of BWE's vehicle, cargo, and personal property with its authorization. (Docket no. 18-2 ¶ 14).

the scene of the incident after a call from State Police to remove and dispose of the tractor, trailer, and its contents from the scene. (*See* Am. Compl. ¶¶ 10–18). BWE initially refused to respond to multiple requests by HWS for authorization and payment, but it eventually gave plaintiff authorization to release the tractor and trailer on June 27, 2023. (*See* Am. Compl. ¶ 21; Docket no. 18-2 ¶¶ 9–11; Docket no. 18-2 at 5). On October 3, 2023, HWS recalculated its invoice to reflect and include, pursuant to BWE's authorization, the costs associated with the storage and disposal of its tractor and trailer. Docket no. 18-2 at ¶ 14. However, BWE did not pay the balance due. (Am. Compl. ¶ 21; Docket no. 18-2 ¶¶ 15–16). HWS attached to its motion for default judgment the invoice, dated October 3, 2023, which lists each service and associated cost for the removal, storage, and disposition of BWE's vehicle, cargo, and personal property, and shows a total amount due of $104,911.64. (*See* Docket no. 18-2 at 10–12).

Accordingly, the undersigned recommends a finding that HWS is entitled to $104,911.64 in damages for BWE's failure to reimburse it for the removal, storage, and subsequent disposition of the vehicle, cargo, and personal property.

## II.   Interest

In its amended complaint plaintiff seeks interest on storage fees and damages until the day of judgment. (Am. Compl. at 5 ¶¶ (a), (b)). "Virginia law governs the award of prejudgment interest in a diversity case." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). Pursuant to Virginia law, "if a contract does not fix an interest rate, the Court shall apply the rate of six percent per annum to calculate prejudgment interest." *Chesapeake Bay Diving, Inc. v. Delta Demolition Grp., Inc.*, No. 2:13-CV-640, 2014 WL 7140322, at *4 (E.D. Va. Dec. 12, 2014) (citing Va. Code §§ 6.1-330.54 and 8.01-382). The decision whether to award prejudgment interest is within the sound discretion of the trial court.

*Wells Fargo Equip. Fin., Inc. v. State Farm Fire and Cas. Co.*, 823 F. Supp. 2d 364, 366 (E.D. Va. 2011). District courts "must weigh the equities in a particular case to determine whether an award of prejudgment interest is appropriate" when exercising this discretion. *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 727 (4th Cir. 2000). The two principal, competing rationales in a court's weighing of the equities are the notions that a party denied money to which it is rightfully entitled should be compensated for that loss, and in contrast, that a party should not be penalized when the legal dispute regarding the funds is *bona fide*. *Wells Fargo*, 823 F. Supp. 2d at 366–67.

Here, as of June 27, 2023, when BWE executed an authorization for the release of the tractor and trailer, the daily storage fees and interest thereon stopped accruing. (Docket no. 18-2 ¶¶ 11, 12, 13). HWS reflected the cost of storage and disposition in its invoice for the overall amount requested from BWE on October 3, 2023. *Id.* The interest requested on the damages due has continued to accrue since the date of the incident. Here, plaintiff has been denied use of money which it is rightfully entitled to and there is no *bona fide* legal dispute concerning the award of damages. Accordingly, the undersigned recommends a finding that HWS is entitled to prejudgment interest at a rate of six (6) percent on the damages it seeks from BWE.

### III.   Attorneys' Fees and Costs

In its amended complaint plaintiff requests attorney fees of $3,052.40, which did not include filing or other fees. (Am. Compl. at 5 ¶ (c)). As this action is before the court on the basis of diversity jurisdiction, the court must apply the substantive law of the forum state. *Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938). The right to an award of attorneys' fees is considered a matter of substantive law. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975). Under the "American Rule," *absent a specific contractual or statutory provision to*

12

*the contrary*, a prevailing party generally cannot recover attorneys' fees from the losing party. *Chacey v. Garvey*, 781 S.E.2d 357, 360 (Va. 2015) (citing *REVI, LLC v. Chicago Title Ins. Co.*, 776 S.E.2d 808, 813 (2015). However, a prevailing party entitled by law to an award of attorney fees has the burden of proving "that the requested fees are reasonable and that they were necessary." *Sidya v. World Telecom Exchange Communications, LLC*, 870 S.E.2d 199, 208 (Va. 2022) (quoting *West Square, L.L.C. v. Communication Techs., Inc.*, 649 S.E.2d 698, 702 (2007).[7]

Here, such a statutory provision exists. VA. CODE ANN. § 46.2-1231.2 provides for reasonable attorney fees in the event the court finds that the towing and recovery operator is entitled to any monetary award for the underlying claim pursuant to § 46.2-1212.1. Here, even assuming the court finds that HWS is entitled to its monetary award pursuant to VA. CODE ANN. § 46.2-1212.1, HWS has failed to provide any information in its amended complaint, motion for default judgment, or the attached affidavits as to how the requested attorney fees were reasonable or necessary. As such, the undersigned recommends a finding that plaintiff is not entitled to an award of attorney fees. If a default judgment is entered by the court, the District Judge may consider allowing plaintiff leave to file a motion requesting an award for its attorney fees and provide support for any amount requested.

Concerning costs, Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party is entitled to an award of costs incurred unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Here, no such impediment exists. Concerning

---

[7] The Virginia Supreme Court has identified seven factors to consider in determining a "reasonable" attorney's fee award: (1) the time and effort expended by the attorney, (2) the nature of the services rendered, (3) the complexity of the services, (4) the value of the services to the client, (5) the results obtained, (6) whether the fees incurred were consistent with those generally charged for similar services, and (7) whether the services were necessary and appropriate. *Lambert v. Sea Oats Condo. Ass'n*, 798 S.E.2d 177, 184 (Va. 2017).

costs, plaintiff has requested costs but has not provided in detail what costs it seeks. Accordingly, plaintiff may submit a bill of costs to the court in accordance with 28 U.S.C. § 1920 once a judgment has been entered.

## Conclusion

For these reasons, the undersigned recommends that judgment be entered in favor of HWS against BWE in the total amount of $104,911.64, including prejudgment interest at an annual rate of six (6) percent.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to BWE at 1754 Forest Parkway, Morrow, GA, 30260, and to BWE's registered agent Markesha Crossman, at 183 Radcliff Drive, McDonough, GA, 30253, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 8th day of December, 2023.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia